# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:12-cv-143-RJC

| | |
|---|---|
| JOHN L. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LARRY JONES, ) | |
| N.C. DEPARTMENT OF PUBLIC SAFETY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(A)(a). Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and an Application to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 1-1), on September 19, 2012.

First, with regard to Plaintiff's Motion to Proceed in Forma Pauperis, the Court has examined Plaintiff's financial affidavit, in which he states that he has no income and no financial assets. The Court is satisfied that Plaintiff does not have sufficient funds with which to pay the filing fee. Therefore, the Court will grant Plaintiff's motion to proceed in Forma Pauperis.

## I.     BACKGROUND

Pro se Plaintiff John L. Davis is a prisoner of the State of North Carolina, currently incarcerated at Central Prison in Raleigh, North Carolina. Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, naming as Defendants "Larry Jones, Dr." and the "N.C. Department of Public Safety." Plaintiff identifies Defendant Larry Jones as the "Head Doctor of Medical" with Alexander Correctional Institution. (Doc. No. 1 at 4).

Plaintiff alleges the following in his Complaint:

My claim is medical negligence and medical malpractice against Doctor Larry Jones.

> In the almost two years I have been here at this camp I have had to fight to get the medical treatment that I should be getting because of my HIV diagnosis. I had to wait almost two months for medication. I have been waiting going on two months to be seen by medical sick call about my left shoulder because I am in constant pain. I seen [sic] Dr. Jones once before a few months back about this same shoulder and he postponed seeing me to the next week and never did. I have had problems with this shoulder for years, even before I came to prison. I have done everything possible to get seen, I have been HIV positive for over twenty years and I am trying to stay alive to where I can go home and be with my family when my sentence is up. Dr. Jones and his staff [?] over my health care between my visits with the infectious disease clinic. I have been in constant pain with my shoulder and fighting to regain my weight and to stay healthy and I'm not getting anywhere.

(Id. at 3; 5). Plaintiff requests "relief in the amount of six hundred and fifty thousand dollars. To insure my health care is taken care of the rest of my time in prison and where I can live many more years before I die and the court filing fees . . . ." (Id. at 5).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915(a)(b)(1). Upon review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III.     DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. A claim based solely on a difference of opinion as to the quality of such care is not sufficient to raise a

constitutional claim. Id. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

### A. Defendant North Carolina Department of Public Safety

As to Defendant North Carolina Department of Public Safety, the Department is an arm of the State of North Carolina for Eleventh Amendment purposes and, thus, enjoys sovereign immunity as to Plaintiff's claim against the Department for money damages.[1] See Savage v. N.C. Dep't of Corr., No. 5:06-cv-171-FL, 2007 WL 2904182, at *5 (E.D.N.C. Sept. 29, 2007) (for Eleventh Amendment purposes, the [North Carolina Department of Correction] is considered an arm of the State of North Carolina and, therefore, immune from suit for monetary damages under § 1983). Therefore, the Court will dismiss the North Carolina Department of Public Safety as a defendant.

### B. Defendant Dr. Larry Jones

As to Defendant Dr. Larry Jones, Plaintiff has alleged that, despite having constant pain in his right shoulder, and despite doing "everything possible to get seen," he was nonetheless refused an examination by Dr. Jones. (Doc. No. 1 at 3). Plaintiff further contends that he had to wait for almost two months to get medication that he needs. (Id. at 5). Plaintiff alleges that Dr. Jones'

---

[1] As of January 1, 2012, the North Carolina Department of Correction was consolidated into the North Carolina Department of Public Safety as the Division of Adult Correction. See N.C. GEN. STAT. § 143B-701 (2011).

conduct constitutes "negligence" and "medical malpractice." (Id.).

First, to the extent that Plaintiff is attempting to bring a claim for deliberate indifference to serious medical needs in violation of Plaintiff's Eighth Amendment rights, the Court finds that this claim survives initial review. Here, Plaintiff alleges that Defendant Dr. Jones ignored Plaintiff's medical problems, particularly constant pain in his right shoulder, and that Dr. Jones specifically refused to give Plaintiff a physical examination. Plaintiff also alleges that he went for two months with constant shoulder pain because he was not able to get medications that he needs. These allegations are sufficient to survive initial review as to a claim by Plaintiff for deliberate indifference to serious medical needs against Dr. Jones. See, e.g., Estelle, 429 U.S. at 104-05 ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment," and this includes "indifference . . . manifested by prison doctors in their response to the prisoner's needs . . . .") (footnotes and internal quotation marks omitted).

Next, to the extent Plaintiff also seeks to bring a state law claim for medical malpractice against Dr. Jones,[2] Plaintiff has failed to comply with North Carolina Rule of Civil Procedure 9(j), which states:

> Any complaint alleging medical malpractice by a health care provider as defined in [N.C. Gen.Stat. § ] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen.Stat. § ] 90-21.12 shall be dismissed unless:
>
> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;

---

[2] The Court is exercising supplemental jurisdiction over Plaintiff's state law medical malpractice claim pursuant to 28 U.S.C. § 1367(c).

(2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or

(3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. R. Civ. P. 9(j). Failure to comply with Rule 9(j) is ground for dismissal of a state law medical malpractice claim filed in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Moore v. Pitt Cnty. Mem'l Hosp., 139 F. Supp. 2d 712, 713-14 (E.D.N.C. 2001). Furthermore, Plaintiff's status as a prisoner does not excuse his failure to comply with Rule 9(j)'s pre-filing certification requirement. See Hill v. United States, No. 5:08-CT-3070-D, 2010 WL 3075495, at *15 (E.D.N.C. Aug. 5, 2010). Here, because Plaintiff has failed to comply with Rule 9(j), the Court dismisses his state law medical malpractice claim.

## IV. CONCLUSION

For the reasons stated herein, the Court dismisses the North Carolina Department of Public Safety as a Defendant, dismisses Plaintiff's state law medical malpractice claim for failure to comply with N.C. R. Civ. P. 9(j), and finds that Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Dr. Jones survives initial review under Section 1915(A)(a).

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 1-1), is **GRANTED**;

2. The Court has conducted its initial review under Section 1915(A)(a) and has determined that Plaintiff is entitled to proceed with a claim for deliberate

indifference to serious medical needs against Defendant Dr. Jones. The Court dismisses Plaintiff's action against Defendant N.C. Department of Public Safety.

3. The Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and identify Defendant Dr. Jones in the summons for service of process, and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. That is, in filling out the summons form, Plaintiff must attempt to identify Dr. Jones' current position, place of employment, and his address. If Defendant Jones does not waive service at his home address, his current place of employment shall furnish Defendant's home addresses to the U.S. Marshal. The summons and executed summons that will be served on Plaintiff after service is effectuated shall be redacted so that Defendant's home address is not included. Once the Court receives the summonses from Plaintiff, the Court will then direct the U.S. Marshal to effectuate service upon Defendant.

Signed: October 16, 2012

Robert J. Conrad, Jr.
Chief United States District Judge