# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:12-cv-143-RJC

| | |
|---|---|
| JOHN L. DAVIS, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )     **ORDER** <br>) |
| DR. LARRY JONES, | )<br>) |
| Defendant. | )<br>) |

THIS MATTER is before the Court on a Motion to Dismiss for Failure to State a Claim and for Insufficient Service of Process by Defendant Larry Jones, (Doc. No. 11), on Plaintiff's Motion to Amend the Complaint, (Doc. No. 16), and on Plaintiff's Motion for Extension of Time to File Response/Reply re: Motion to Dismiss for Failure to State a Claim, (Doc. No. 17).

## I. BACKGROUND

Pro se Plaintiff John L. Davis is a prisoner of the State of North Carolina, currently incarcerated at Central Prison in Raleigh, North Carolina. Plaintiff filed this lawsuit on September 19, 2012, pursuant to 42 U.S.C. § 1983, naming as Defendants "Larry Jones, Dr." and the North Carolina Department of Public Safety ("NCDPS"). Plaintiff identifies Defendant Larry Jones as the "Head Doctor of Medical" with Alexander Correctional Institution ("ACI"). (Doc. No. 1 at 4).

On October 16, 2012, this Court conducted an initial review of Plaintiff's Complaint. The Court dismissed NCDPS as a Defendant. The Court also dismissed Plaintiff's medical malpractice claim against Dr. Jones. The Court, however, stated that Plaintiff's claim for

deliberate indifference to serious medical needs survived initial review, and the Court ordered service of process on Dr. Jones. On November 26, 2012, Dr. Jones filed a motion to dismiss for failure to state a claim and for lack of jurisdiction. (Doc. No. 11). On November 28, 2012, the Court entered an Order granting Plaintiff twenty days in which to file a response to the motion to dismiss. (Doc. No. 14). On December 5, 2012, Plaintiff filed a motion to amend the Complaint. (Doc. No. 16). On December 14, 2012, Plaintiff filed a motion for extension of time to file a brief in response to the motion to dismiss.

## II. STANDARD OF REVIEW

On a motion to dismiss, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party. Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. 662 at 678)

## III. DISCUSSION

On October 16, 2012, this Court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and concluded that Plaintiff's allegations of an Eighth Amendment violation based on deliberate indifference to serious medical needs against

Defendant Dr. Jones survived initial review.[1] (Doc. No. 3). The standard of review for dismissal under 28 U.S.C. § 1915(e)(2) is the same as the standard under Rule 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Therefore, the Court has already determined that Plaintiff has sufficiently stated a claim under Rule 12(b)(6) against Defendant Dr. Jones for an Eighth Amendment violation. Defendant's motion to dismiss is denied for the reasons stated in the Court's prior Order.

Next, as for Plaintiff's motion to amend the Complaint, the Court will deny the motion to amend. Although motions to amend are freely granted, motions to amend may be denied where allowing the amendment would be futile. Here, Plaintiff's motion to amend does not allege any new facts that were not known to Plaintiff before commencing this action, and he does not allege any new facts against Dr. Jones. Furthermore, Plaintiff has not attached a proposed amended complaint to his motion to amend. For all of these reasons, the motion to amend is denied.

The Court next considers Defendant Dr. Jones' motion to dismiss for lack of jurisdiction based on insufficient service of process. Rule 4 of the Federal Rules of Civil Procedure prescribes the methods through which a Summons and Complaint in a civil action may be served on an individual. A plaintiff may obtain service by delivering a copy of the summons and the complaint to the defendant personally, by leaving a copy at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy to "an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2). Alternatively, Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons."

---

[1] The Court dismissed Plaintiff's claims against NCDPS based on Eleventh Amendment sovereign immunity. The Court also dismissed Plaintiff's state law medical malpractice claim against Dr. Jones because Plaintiff failed to file a Rule 9(j) certification in accordance with North Carolina Rule of Civil Procedure 9(j).

North Carolina Rule of Civil Procedure 4(j)(1) provides that service on an individual shall be as follows:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt.

N.C. GEN. STAT. § 1A1, Rule 4(j). The Fourth Circuit Court of Appeals has explained that "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998) (citation omitted). In Koehler, the Fourth Circuit also stated that "any judgment entered against a defendant over whom the court does not have personal jurisdiction is void." Id. at 306-07 (citations omitted). In North Carolina, a return of service showing service on its face constitutes prima facie evidence of service. Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996). A defendant can overcome the presumption of valid service with the "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Id.

Here, on November 1, 2012, a summons and complaint addressed by certified mail,

return receipt requested, to "Doctor Larry Jones, Alexander Correctional Institution, 633 Old Landfill Rd., Taylorsville, NC 28681," was delivered to ACI in Taylorsville, North Carolina. (Jones Aff., ¶ 2; Spencer Aff., ¶ 2). A copy of the Process Receipt and Return and certified mail return receipt has been filed with this Court, indicating a service date of November 1, 2012. (Doc. No. 10). Kimberly Spencer, a NCDPS employee who works at ACI, signed for delivery of the Summons and Complaint. (Jones Aff. ¶ 3; Spencer Aff., ¶ 4). In support of the motion to dismiss, Spencer and Dr. Jones have both submitted affidavits attesting that Jones has not been served with a copy of the Summons or Complaint; that Spencer is not Defendant Jones' agent; and that Jones did not authorize anyone at ACI to be served or to accept service of process on his behalf. (Jones Aff., ¶¶ 4; 5; see Spencer Aff. ¶¶ 6; 7). The Court finds that Defendant Jones has successfully rebutted the presumption that service was properly made on him. Because Plaintiff failed to serve Defendant Jones with the Summons and Complaint by any of the methods permitted under Rule 4 of either the Federal Rules of Civil Procedure or the North Carolina Rules of Civil Procedure, the Complaint will be dismissed without prejudice for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the reasons stated herein, this action is dismissed without prejudice for lack of personal jurisdiction pursuant to Rule 12(b)(2) based on insufficient service of process.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants Jones' Motion to Dismiss, (Doc. No. 11), is **GRANTED**. This action is **DISMISSED** without prejudice.

2. Plaintiff's Motion to Amend, (Doc. No. 16), is **DENIED** as futile. Plaintiff's

Motion for Extension of Time, (Doc. No. 17), is **GRANTED** nunc pro tunc.

3. The Clerk is instructed to terminate this case.

Signed: August 19, 2013

Robert J. Conrad, Jr.
United States District Judge